UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SATELLITE WORKS, LLC AND
JANNERO TEMPLE

CIVIL ACTION

VERSUS

NUMBER 14-786-SDD-SCR

BANKERS INSURANCE COMPANY D/B/A
BANKERS INSURANCE GROUP

**ORDER TO AMEND COMPLAINT**

Plaintiffs Satellite Works, LLC and Jannero Temple filed a Complaint asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. Plaintiffs alleged that Temple is "residing" in St. John the Baptist Parish, Louisiana, and that he is the sole member of Satellite Works, LLC. Plaintiffs alleged that defendant Bankers Insurance Company is a Florida insurance company "licensed to do an doing business in Louisiana."

When jurisdiction depends on citizenship, the citizenship of each party must be distinctly and affirmatively alleged in accordance with § 1332(a) and (c).[1]

Under § 1332(c)(1) a corporation is deemed to be a citizen of any state in which it is incorporated, and of the state in which it has its principal place of business. For purposes of diversity, the citizenship of a limited liability company is determined by

---

[1] *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991), *citing*, *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)(quoting 2A Moore's Federal Practice ¶ 8.10, at 1662).

considering the citizenship of all its members.[2] Thus, to properly allege the citizenship of a corporation the party asserting jurisdiction must allege both the state(s) of incorporation and the principal place of business. For a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).[3] Use of "LLC" in the entity's name usually means the entity is organized as a limited liability company rather than a corporation.

Plaintiffs' jurisdictional allegations are not sufficient to determine whether there is diversity of citizenship. A natural person may reside in state of which he is not a citizen for the purpose of § 1332. Plaintiffs' allegation that Temple "resides" in Louisiana is not equivalent to alleging that he is a Louisiana citizen. Consequently, the same allegation is not sufficient to allege the citizenship of Satellite Works, LLC.

As to defendant Bankers Insurance Company, the plaintiffs failed to allege the state where it has its principal place of

---

[2] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); see *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S.Ct. 1015, 1021 (1990).

[3] The same requirement applies to any member of a limited liability company which is also a limited liability company or a partnership. *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154 (M.D.La. Sept. 24, 2007)(when partners or members are themselves entities or associations, citizenship must be traced through however many layers of members or partners there are).

business.[4]  Where the defendant is licensed to do and does business does not determine its citizenship.

Therefore;

IT IS ORDERED that plaintiffs Satellite Works, LLC and Jannero Temple shall have 10 days to file an amended complaint which properly alleges their citizenship and the citizenship of the defendant.

**Failure to comply with this order may result in the case being dismissed without further notice for lack of subject matter jurisdiction.**

Baton Rouge, Louisiana, December 18, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[4] A corporation may have a place in each state where it does most of its business, or where its main office in that state is registered for the purpose of complying with state law, but for the purpose of § 1332 a corporation has only one overall principal place of business. *See, Hertz Corp. v. Friend,* 559 U.S. 77, 93, 130 S.Ct. 1181, 1193 (2010) (term "principal place of business" in federal diversity jurisdiction statute refers to place where a corporation's officers direct, control, and coordinate corporation's activities, in other words the corporation's "nerve center"; corporation's "nerve center," for diversity jurisdiction purposes, is usually its main headquarters, and it is a single place within a state).